IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED

JUN 29 2010

CLERK. US DISTRICT COURT
NORFOLK. VA

EVANSTON INSURANCE COMPANY,

        Plaintiff,

v.

Civil Action No: 2:10cv312

HARBOR WALK DEVELOPMENT, LLC.;
THE PORTER-BLAINE CORP.;
GENESIS GROUP, INC.;
WERMERS DEVELOPMENT, INC.;
CLARK-WHITEHILL ENTERPRISES, INC.;
VENTURE SUPPLY, INC.; TOBIN TRADING,
INC.; TRADERSCOVE CORP d/b/a
THE HENIN GROUP; PREMIER
INTERNATIONAL REALTY, INC., d/b/a HENIN
REALTY; INTERNATIONAL PROPERTY
INVESTMENTS OF CENTRAL FLORIDA,
INC., d/b/a HENIN INTERNATIONAL
SERVICES; HIGGERSON-BUCHANAN, INC.;
M&M CONTRACTING; P&P SKILLED
CONTRACTORS; WORK COMPANY,
DRYWALL & PLASTER; JEROME HENIN,
individually; DAVID DANIELS, individually;
and MICHELLE GERMANO; DENNIS
JACKSON; SHARON JACKSON;
JASON DUNAWAY; LISA DUNAWAY;
individually and on behalf of all others
similarly situated,

        Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

      EVANSTON INSURANCE COMPANY ("EVANSTON"), by and through its
undersigned counsel, hereby files its Complaint for Declaratory Relief and alleges as
follows:

## Parties, Jurisdiction, Applicable Law, and Venue

1.      This is an action for declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights surrounding questions of actual controversy that presently exist between Plaintiff and Defendants.

2.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of all fees and costs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because one or more defendants are residents of this district, the events and omissions giving rise to this claim occurred in this district and the property which is the subject of this action is located in this district.

4.      At all times material to this action, EVANSTON is and was a corporation incorporated under the laws of the state of Illinois, authorized to do business in Virginia, with its principal place of business in Deerfield, Illinois, and is a citizen of the state of Illinois. EVANSTON issued certain Commercial General Liability Policies of insurance to Defendant HARBOR WALK.

5.      At all times material to this action, HARBOR WALK DEVELOPMENT, LLC. ("HARBOR WALK") is and was a Virginia limited liability company organized under the laws of the state of Virginia with its principal place of business located in Virginia Beach, Virginia, and is a citizen of the state of Virginia. Upon information and belief, HARBOR WALK engaged in the business of residential building and/or development in the Commonwealth of Virginia.

6.      At all times material to this action, THE PORTER-BLAINE CORP. ("PORTER-

2

BLAINE") is and was a corporation incorporated under the laws of the state of Virginia with its principal place of business in Norfolk, Virginia, and is a citizen of the state of Virginia. Upon information and belief, PORTER-BLAINE engaged in the business of drywall installation in the Commonwealth of Virginia.

7.     At all times material to this action, GENESIS GROUP, INC. ("GENESIS") is and was a corporation incorporated under the laws of the state of Virginia with its principal place of business located in Virginia Beach, Virginia, and is a citizen of the state of Virginia. Upon information and belief, GENESIS engaged in the business of residential building and/or development in the Commonwealth of Virginia.

8.     At all times material to this action, WERMERS DEVELOPMENT, INC. ("WERMERS") is and was a corporation incorporated under the laws of the state of Virginia with its principal place of business located in Virginia Beach, Virginia, and is a citizen of the state of Virginia. Upon information and belief, WERMERS engaged in the business of residential building and/or development in the Commonwealth of Virginia.

9.     At all times material to this action, CLARK-WHITEHILL ENTERPRISES, INC. ("CLARK-WHITEHILL") is and was a corporation incorporated under the laws of the state of Virginia with its principal place of business located in Virginia Beach, Virginia, and is a citizen of the state of Virginia. Upon information and belief, CLARK-WHITEHILL engaged in the business of residential building and/or development in the Commonwealth of Virginia.

10.     At all times material to this action, VENTURE SUPPLY, INC. ("VENTURE") is and was a corporation incorporated under the laws of the state of Virginia with its principal place of business located in Norfolk, Virginia, and is a citizen of the state of

3

Virginia. Upon information and belief, VENTURE engaged in the business of importing, distributing, delivering, supplying, inspecting, marketing, and/or selling drywall in the Commonwealth of Virginia.

11. At all times material to this action, TOBIN TRADING, INC. ("TOBIN") was a corporation incorporated under the laws of the state of Virginia with its principal place of business located in Virginia Beach, Virginia, and is a citizen of the state of Virginia. Upon information and belief, TOBIN engaged in the business of importing, distributing, delivering, supplying, inspecting, marketing, and/or selling drywall in the Commonwealth of Virginia.

12. At all times material to this action, TRADERSCOVE CORPORATION d/b/a THE HENIN GROUP ("TRADERSCOVE") is and was a corporation incorporated under the laws of the state of Florida with its principal place of business located in Orlando, Florida, and is a citizen of the state of Florida.

13. At all times material to this action, PREMIER INTERNATIONAL REALTY, INC., d/b/a HENIN REALTY ("PREMIER") was a corporation incorporated under the laws of the state of Florida with its principal place of business located in Winter Park, Florida, and is a citizen of the state of Florida.

14. At all times material to this action, INTERNATIONAL PROPERTY INVESTMENTS OF CENTRAL FLORIDA, INC., d/b/a HENIN INTERNATIONAL SERVICES ("INTERNATIONAL PROPERTY") is and was a corporation incorporated under the laws of the state of Florida with its principal place of business located in Winter Park, Florida, and is a citizen of the state of Florida.

15. At all times material to this action, HIGGERSON-BUCHANAN, INC. ("HIGGERSON-BUCHANAN") is and was a corporation incorporated under the laws of the

4

state of Virginia with its principal place of business located in Chesapeake, Virginia, and is a citizen of the state of Virginia. Upon information and belief, HIGGERSON-BUCHANAN installed defective Chinese drywall in the Commonwealth of Virginia.

16.     At all times material to this action, M&M CONTRACTING ("M&M") has had its principal place of business located in Chesapeake, Virginia, and is a citizen of the state of Virginia. Upon information and belief, M&M installed defective Chinese drywall in the Commonwealth of Virginia.

17.     At all times material to this action, P&P SKILLED CONTRACTORS ("P&P") has had its principal place of business located in Virginia Beach, Virginia, and is a citizen of the state of Virginia. Upon information and belief, P&P installed defective Chinese drywall in the Commonwealth of Virginia.

18.     At all times material to this action, WORK COMPANY, DRYWALL & PLASTER ("WORK COMPANY") has had its principal place of business in Virginia Beach, Virginia, and is a citizen of the state of Virginia.

19.     At all times material to this action, JEROME HENIN is and was a resident and citizen of the state of Florida. Upon information and belief, JEROME HENIN was the President of TRADERSCOVE and oversaw PREMIER and INTERNATIONAL PROPERTY.

20.     At all times material to this action, DAVID DANIELS is and was a resident and citizen of the state of Florida.

21.     At all times material to this action, MICHELLE GERMANO ("GERMANO") is and was a resident and citizen of the state of Virginia who owned a home located at 8171 North View Blvd. in Norfolk, Virginia.

22.     At all times material to this action, DENNIS JACKSON and SHARON

5

JACKSON ("THE JACKSONS") are and were residents and citizens of the state of Virginia who owned a home as husband and wife located at 8151 North View Blvd. in Norfolk, Virginia.

23.    At all times material to this action, JASON DUNAWAY and LISA DUNAWAY ("THE DUNAWAYS") are and were residents and citizens of the state of Virginia who owned a home as husband and wife located at 27037 Flaggy Run Rd. in Courtland, Virginia.

24.    The Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332(a) because it is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

25.    The issues in controversy in this action should be determined under the laws of Virginia because the parties to the insurance contracts at issue entered into the insurance contracts in Virginia.

## Dispute at issue

26.    Defendants GERMANO, THE JACKSONS and THE DUNAWAYS have filed a putative class action against Defendants HARBOR WALK, VENTURE, AND PORTER-BLAINE in this Court, case number 2:09 cv 202 ("the Class Action Suit"). The Class Action Suit has been transferred to MDL 2047 currently pending in the Eastern District of Louisiana. This Complaint is attached as Exhibit A.

27.    The Class Action Suit defines the putative classes as follows:

Class:

All owners and residents of residential homes in the Commonwealth of Virginia containing

6

defective drywall manufactured, sold, distributed, and/or supplied by Taishan Gypsum Co. Ltd. and/or Venture Supply Inc.

**Harbor Walk/Porter-Blaine Subclass:**

All owners and residents of residential homes in the Commonwealth of Virginia containing defective drywall built and/or installed by Harbor Walk Development LLC and/or Porter-Blaine Corp.

Ex. A, ¶ 29.

28.     Defendants GERMANO, THE JACKSONS and THE DUNAWAYS allege that the Class Action Suit qualifies as a class action pursuant to Fed. R. Civ. P. 23. Ex. A, ¶ 31-40.

29.     Defendant GERMANO also filed an individual action against Defendants HARBOR WALK, GENESIS, WERMERS, CLARK-WHITEHILL, VENTURE, PORTER-BLAINE and TOBIN in Circuit Court for the City of Norfolk, case number CL 09006366-00 ("the First Individual Suit"). This Complaint is attached as Exhibit B .

30.     Defendants THE JACKSONS also filed an individual action against HARBOR WALK, TRADERSCOVE, PREMIER, INTERNATIONAL PROPERTY, JEROME HENIN, DAVID DANIELS, VENTURE, PORTER-BLAINE, TOBIN, CLARK-WHITEHILL, HIGGERSON-BUCHANAN, M&M, P&P, and WORK COMPANY in the Circuit Court for the City of Norfolk, case number CL09-4672 ("the Second Individual Suit"). This Complaint is attached as Exhibit C.

31.     All three Complaints include the same general factual allegations (collectively "the underlying suits"). The homeowners in the underlying suits allege that the Defendants were responsible for providing and/or installing drywall in their homes, and that this drywall is inherently defective because it emits various sulfide gasses and/or other toxic chemicals ("off-gassing").  The gasses allegedly create noxious odors and cause damage and

7

corrosion to the structural, mechanical and plumbing systems of the homes. Ex. A, ¶ 21-22; Ex. B, ¶ 13.

32.     The homeowners claim that the off-gassing damages and/or corrodes framing, heating units, air-conditioning and ventilation units, refrigeration coils, copper tubing, faucets, metal surfaces, electrical wiring, computer wiring, microwaves, utensils, electronic appliances, jewelry and other household and personal items. Ex. A, ¶ 22; Ex. B, ¶ 13.

33.     Additionally, the homeowners claim that the compounds emitted by the drywall are capable of harming the health of individuals subjected to prolonged exposure. The health consequences allegedly suffered by the homeowners include allergic reactions, respiratory afflictions, sinus problems, bronchial problems, headaches, eye irritation, sore throats and coughs, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm. Ex. A, ¶ 23; Ex. B, ¶ 14.

34.     The homeowners allege that the Defendants knew, had reason to know, and/or should have known of the damaging effect of the defective drywall installed in the homes. Ex. A, ¶ 46; Ex. B, ¶15. Among other things, the homeowners claim that the Defendants were negligent and breached their duty to exercise reasonable care in the manufacture, import, export, supply, inspection, delivery, sale, installation, and/or marketing of the of the defective drywall, including the duty to adequately warn of the dangers of the drywall. Ex. A, ¶ 25, Ex. B, ¶ 35.

35.     As a result of the allegedly defective drywall, the homeowners claim to have suffered damage to personal property as well as personal injuries. Ex. A, ¶ 27, Ex. B, ¶ 85.

36.    The following counts are included in the Class Action Suit filed against Defendants HARBOR WALK, VENTURE, AND PORTER-BLAINE:

- Count I - Negligence (against all defendants)
- Count II - Negligence Per Se (against all defendants)
- Count III - Breach of Express and/or Implied Warranties (against all defendants)
- Count IV - Breach of Contract (against HARBOR WALK only)
- Count V - Private Nuisance (against all defendants)
- Count VI - Unjust Enrichment (against all defendants)
- Count VII - Violation of the Virginia Consumer Protection Act (against all defendants)
- Count VIII - Equitable and Injunctive Relief and Medical Monitoring (against all defendants)

See Ex. A.

37.    The following counts are included in the First Individual Suit filed against Defendants HARBOR WALK, GENESIS, WERMERS, CLARK-WHITEHILL, VENTURE, PORTER-BLAINE and TOBIN:

- Count I - Breach of Contract (against the builder/developer defendants)
- Count II - Breach of Express Warranty (against the builder/developer defendants)
- Count III - Breach of Implied Warranty (against the builder/developer defendants)
- Count IV - Negligence (against all defendants)
- Count V - Negligence Per Se (against all defendants)
- Count VI - Unjust Enrichment (against all defendants)
- Count VII - Private Nuisance (against all defendants)
- Count VIII - Equitable and Injunctive Relief and Medical Monitoring (against all defendants)

9

- Count IX - Breach of Implied Warranty of Merchantability (against all defendants)
- Count X - Breach of Implied Warranty of Fitness for a Particular Purpose (against all defendants)
- Count XI - Violation of the Virginia Consumer Protection Act (against all defendants)

See Ex. B.

38.   The following counts are included in the Second Individual Suit filed against Defendants HARBOR WALK, TRADERSCOVE, PREMIER, INTERNATIONAL PROPERTY, JEROME HENIN, DAVID DANIELS, VENTURE, PORTER-BLAINE, TOBIN, CLARK-WHITEHILL, HIGGERSON-BUCHANAN, M&M, P&P, and WORK COMPANY:

- Count I - Breach of Contract (against the builder/developer defendants)
- Count II - Breach of Express Warranty (against the builder/developer defendants)
- Count III - Breach of Implied Warranties (against the builder/developer defendants)
- Count IV - Negligence (against all defendants)
- Count V  - Negligence Per Se (against all defendants)
- Count VI - Unjust Enrichment (against all defendants)
- Count VII - Private Nuisance (against all defendants)
- Count VIII - Equitable and Injunctive Relief and Medical Monitoring (against all defendants)
- Count IX - Breach of Implied Warranty of Merchantability (against all defendants)
- Count XI [sic] - Violation of the Virginia Consumer Protection Act (against all defendants)
- Count XI  - Fraud (against all defendants)

See Ex. C.

## The Policies

39.    Plaintiff EVANSTON issued three Commercial General Liability policies to Defendant HARBOR WALK DEVELOPMENT, LLC. (collectively "the Policies").

40.    EVANSTON issued Policy Number 03GLP1006568 for the period from February 10, 2003 through February 10, 2004. This policy was extended via endorsement to February 1, 2005. This policy has a general aggregate limit of $2,000,000, a products-completed operations limit of $1,000,000, a per occurrence limit of $1,000,000, and a $25,000 per occurrence deductible. A copy of this policy is attached hereto as Exhibit D.

41.    EVANSTON issued Policy Number 05GLP1007502 for the policy period from February 10, 2005 through February 10, 2006. This policy has a general aggregate limit of $2,000,000, a products-completed operations limit of $1,000,000, a per occurrence limit of $1,000,000 and a $25,000 per occurrence deductible. A copy of this policy is attached hereto as Exhibit E.

42.    EVANSTON issued Policy Number 06GLP1007502 was issued for the policy period from February 10, 2006 through February 10, 2009, however, the policy was cancelled on October 8, 2007. This policy has a general aggregate limit of $2,000,000, a products-completed operations limit of $1,000,000, a per occurrence limit of $1,000,000 and is subject to a $50,000 per occurrence Self-Insured Retention. A copy of this policy is attached hereto as Exhibit F.

43.    Defendants HARBOR WALK, GENESIS and WERMERS seek defense and indemnity from EVANSTON under the Policies for the claims asserted against them in the Class Action Suit, the First Individual Suit, and the Second Individual Suit.

44.    The POLICIES contain the following pertinent terms, conditions and

11

exclusions which state in part:

**SECTION I - COVERAGES**
**COVERAGE A. BODILY INJURY & PROPERTY DAMAGE**
**LIABILITY**

1.      Insuring Agreement.

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.   We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.  But:

          (1)     The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

          (2)     Our right and duty to defend and when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

      b.      This insurance applies to "bodily injury" and "property damage" only if:

          (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

          (2)     The "bodily injury" or "property damage" occurs during the policy period.

      c.      Damages because of "bodily injury" include damages claimed by any person or organization for case, loss of services or death resulting at any time from the "bodily injury".

2.      Exclusions.

This insurance does not apply to:

      **a.      Expected or Intended Injury**

          "Bodily injury" or "property damage" expected or intended from the standpoint of any insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

      **b.      Contractual Liability**

          "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or

agreement. This exclusion does not apply to liability for damages:

(1)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

(2)     That the insured would have in the absence of the contract or agreement.

***

## f.    Pollution

(1) "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2) Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, electromagnetic fields and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

* * *

## j.    Damage to Property

"Property damage" to:

(1)     Property you own, rent or occupy;

(2)     Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)     Property loaned to you;

(4)     Personal property in the care, custody or control of the insured;

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired

13

or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5), and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.**   **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.**   **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.**   **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**   **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)   "Your product";

(2)   "Your work"; or

(3)   "Impaired property";

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

14

\* \* \*

## SECTION V - DEFINITIONS

\* \* \*

4.      "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

8.      "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

      a.      It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

      b.      You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

      a.      The repair, replacement, adjustment or removal of "your product" or "your work"; or

      b.      Your fulfilling the terms of the contract or agreement.

\* \* \*

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15.     a.      "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product" or "your work" except:

           (1)      Products that are still in your physical possession; or

           (2)      Work that has not yet been completed or abandoned.

      b.      "Your work" will be deemed completed at the earliest of the following times:

           (1)      When all of the work called for in your contract has been completed.

           (2)      When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

           (3)      When that part of the work done at a job site has been put to its intended use by any person or organization other than another

15

contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    c.    This hazard does not include "bodily injury" or "property damage" arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading or unloading" of it;

        (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

        (3)    Products or operations for which the classification in this Coverage Part or in our manual of rules includes products or completed operations.

16.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

18.    "Your product" means:

    a.    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (1)    You;

        (2)    Others trading under your name; or

        (3)    a person or organization whose business or assets you have acquired; and

    b.    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

    a.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

16

  **b.**  The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others, but not sold.

* * *

**20.** "Your work" means:

  **a.**  Work or operations performed by you or on your behalf; and

  **b.**  Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

  **a.**  Warranties or representations made at any time with respect to fitness, quality, durability, performance or use of "your work"; and

  **b.**  The providing of or failure to provide warnings or instructions.

* * *

## PRIOR INCIDENT(S) AND PRIOR CONSTRUCTION DEFECTS EXCLUSION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**

In consideration of the premium charged, it is hereby understood and agreed that no insurance coverage is provided under this policy to defend and indemnify any insured  for "bodily injury" or "property damage" which has first occurred or begun prior to the effective date of this policy, regardless of whether repeated or continued exposure to conditions which were a cause of such "bodily injury" or "property damage" occur during the period of this policy and cause additional, progressive or further "bodily injury" or "property damage", all of which is excluded from coverage.

This exclusion shall apply whether or not the insured's legal obligation to pay damages has been established as of the inception date of this policy.

* * *

## PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**

17

In consideration of the premium charged and regardless of any other provisions, this policy does not apply to punitive or exemplary damages.

* * *

## EXCLUSION - ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury", "property damage", "personal injury", or "advertising injury", arising out of the rendering of or failure to render any professional services by or for you, including:

1.      The preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

2.      Supervisory, inspection or engineering services.

* * *

## PROFESSIONAL LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
## PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
## OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART

In consideration of the premium charged, it is agreed that the policy shall not apply to loss, cost or expense arising out of "Bodily Injury", "Property Damage", "Personal Injury", or "Advertising Injury", arising out of the rendering of or failure to render any professional services in the conduct of the Insured's business.

* * *

## INDEPENDENT CONTRACTORS CONDITIONAL EXCLUSION

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is hereby understood and agreed that no insurance coverage is provided under this policy to defend or indemnify any insured for "bodily injury" or "property damage" arising out of acts of Independent Contractors unless you meed the following conditions:

You will obtain certificates of insurance from all independent contractors providing evidence of:

1.      Limits of liability equal to or greater than the coverages provided by this policy;

2.    Commercial General Liability coverage equal to or broader than the coverages provided by this policy;

3.    Workers Compensation Insurance in compliance with the statutes of the applicable states;

4.    Independent Contractors must name the Named Insured as an additional insured.

Failure to comply with this condition will exclude coverage for acts of Independent Contractors.

\* \* \*

## BREACH OF CONTRACT EXCLUSION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**

This insurance does not apply to any "bodily injury" or "property damage" arising out of, caused by, or contributed to by your failing to fulfill the terms of a contract or agreement. The company shall have no obligation to defend or indemnify any insured for any alleged breach of contract, whether such contract is written, oral or implied in law or in fact.

The Company shall have no obligation to indemnify you for any sums which you may be found legally obligated to pay as a result of the breach of any such contract, or as a result of the breach of any warranty, whether express or implied.

\* \* \*

Policy Number 03GLP1006568 contains the following additional provisions:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIABILITY DEDUCTIBLE ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**LIQUOR LIABILITY COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**

In consideration of the premium charged, it is agreed:

1.    From the total amount of the Company's obligation to pay either damages on behalf of the Insured, or any expenses incurred under the SUPPLEMENTARY PAYMENTS, coverages A and B, provision, there shall be subtracted the deductible amounts stated in the schedule below as applicable to such coverages.

19

2. The deductible amount stated in the schedule apply as follows:

    (a)    PER-CLAIM BASIS - If the deductible is on a "per claim" basis, the deductible amount applies under Bodily Injury Liability or Property Damage Liability Coverage, respectively, to all payments made (damages or expenses) because of bodily injury sustained by one person, or to all property damage sustained by one person or organization, as the result of any one occurrence.

    (b)    PER-OCCURRENCE - If the deductible is on a "per occurrence" basis, the deductible amount applies under the Bodily Injury Liability or Property Damage Liability Coverage, respectively, to all payments made (damages or expenses) because of all bodily injury or property damage as the result of any one occurrence.

3. The terms of the policy, including with respect to (a) the Company's rights and duties with respect to the defense of suits and (b) the Insured's duties in the event of an occurrence, apply irrespective of the application of the deductible amount.

4. The Company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action  taken, the Named Insured shall promptly reimburse the  Company for such part of the deductible amount as has been paid by the Company.

5. In the event that the insured shall not promptly reimburse the company for the deductible amount demanded, then any cost incurred by the Company in collection of the deductible amount shall be added to and applied in addition to the applicable deductible amount without limitation to such costs.  These costs  shall include but not be limited to collection agency fees, attorneys fees and interest.

### SCHEDULE

COVERAGE                 AMOUNT & BASIS OF DEDUCTIBLE

***

C. Bodily Injury and Property Damage Liability Combined     <u>XXXXX</u>  Per Claim
                                                                   <u>$25,000</u>  Per Occurrence

\*  \*  \*

## LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Project:**        Construction of condominiums in the ocean view section of Norfolk, VA.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

20

This insurance applies only to "bodily injury, "property damage," "personal injury," advertising injury" and medical expenses arising out of :

1.  The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.  The project shown in the Schedule.

\* \* \*

## GENERAL CHANGE ENDORSEMENT

| | |
|---|---|
| **Named Insured:** | **Harbor Walk Development, LLC** |
| **Policy No:** | **03GLP1006568** |
| **Endorsement Effective Date:** | **2/10/2003** |
| **Endorsement No:** | **1** |
| **Company:** | **Evanston Insurance Company** |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXTENDED PRODUCTS-COMPLETED OPERATIONS HAZARD FROM CLOSE OF ESCROW

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is hereby understood and agreed as respects to the <u>products-completed operations hazard only</u>:

> Commercial General Liability Form (GL00010899)
> Section 1 - Coverages
> Coverage A - Bodily Injury and Property Damage Liability,
> Paragraph 1, Insuring Agreement
> Section B(2) is deleted in its entirety and replaced with the following:

> > (2)    The "Bodily Injury" or "Property Damage" occurs within 60 months from the first escrow closing date of only those residential homes/dwellings that first close escrow with the Named Insured during the term of the policy from which this endorsement is a part.

\* \* \*

## GENERAL CHANGE ENDORSEMENT

| | |
|---|---|
| **Named Insured:** | **Harbor Walk Development, LLC** |
| **Policy No:** | **03GLP1006568** |
| **Endorsement Effective Date:** | **2/10/2003** |
| **Endorsement No:** | **5** |
| **Company:** | **Evanston Insurance Company** |

It is hereby understood and agreed that the above policy will only apply to losses arising out

21

of BI and PD for the following locations:

4161, 4171, 4181, 4191, 4153 - Pretty Walk Lane Norfolk, VA 23513

4252 Harbor Walk Avenue Norfolk, VA 23513

8302, 8303, 8305, 8311, 8321, 8331, 8333, 8350, 8352, 8354, 8310, 8320, 8322, 8330, 8332 - North View Blvd Norfolk, VA 23513.

Furthermore, Form IC01010596 - Cross Suits Exclusion has been added to the policy as per the attached.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

\* \* \*

Policy Number 05GLP1007502 contains the following additional provisions:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIABILITY DEDUCTIBLE ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**LIQUOR LIABILITY COVERAGE PART**
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
**OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**

In consideration of the premium charged, it is agreed:

1.  From the total amount of the Company's obligation to pay either damages on behalf of the Insured, or any expenses incurred under the SUPPLEMENTARY PAYMENTS, coverages A and B, provision, there shall be subtracted the deductible amounts stated in the schedule below as applicable to such coverages.

2.  The deductible amount stated in the schedule apply as follows:

    (a)  PER-CLAIM BASIS - If the deductible is on a "per claim" basis, the deductible amount applies under Bodily Injury Liability or Property Damage Liability Coverage, respectively, to all payments made (damages or expenses) because of bodily injury sustained by one person, or to all property damage sustained by one person or organization, as the result of any one occurrence.

    (b)  PER-OCCURRENCE - If the deductible is on a "per occurrence" basis, the deductible amount applies under the Bodily Injury Liability or Property Damage Liability Coverage, respectively, to all payments made (damages or expenses) because of all bodily injury or property damage as the result of any one occurrence.

3.  The terms of the policy, including with respect to (a) the Company's rights and

duties with respect to the defense of suits and (b) the Insured's duties in the event of an occurrence, apply irrespective of the application of the deductible amount.

4.  The Company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the Named Insured shall promptly reimburse the Company for such part of the deductible amount as has been paid by the Company.

5.  In the event that the insured shall not promptly reimburse the company for the deductible amount demanded, then any cost incurred by the Company in collection of the deductible amount shall be added to and applied in addition to the applicable deductible amount without limitation to such costs. These costs shall include but not be limited to collection agency fees, attorneys fees and interest.

## SCHEDULE

| COVERAGE | AMOUNT & BASIS OF DEDUCTIBLE |
|---|---|

***

C. Bodily Injury and Property Damage Liability Combined     XXXXX Per Claim
    $25,000 Per Occurrence

\*   \*   \*

## LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Premises:**     Construction of condominiums in the ocean view section of Norfolk, VA.

**Project:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury, "property damage," "personal injury," advertising injury" and medical expenses arising out of :

1.  The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.  The project shown in the Schedule.

\*   \*   \*

## GENERAL CHANGE ENDORSEMENT

**Named Insured:**     **Harbor Walk Development, LLC**

Policy No:                              05GLP1007502
Endorsement Effective Date:             2/10/2005
Endorsement No:                         2
Company:                                Evanston Insurance Company

It is hereby understood and agreed that the above policy will only apply to losses arising out of BI and PD for the following locations:

4121, 4123, 4125, 4131, 4133, 4135, 4141, 4143, 4145, 4151, 4155 - Pretty Walk Lane Norfolk, VA 23513

4240, 4241, 4250, 4260, 4261 - Harbor Walk Avenue Norfolk, VA 23513

8300, 8301, 8302, 8304, 8312, 8313, 8314, 8323, 8334, 8340, 8342, 8344 - North View Blvd Norfolk, VA 23513.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

\* \* \*

## GENERAL CHANGE ENDORSEMENT

Named Insured:                          Harbor Walk Development, LLC
Policy No:                              05GLP1007502
Endorsement Effective Date:             2/10/2005
Endorsement No:                         1
Company:                                Evanston Insurance Company

## EXTENDED PRODUCTS-COMPLETED OPERATIONS HAZARD
## FROM CLOSE OF ESCROW

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is hereby understood and agreed as respects to the <u>products-completed operations hazard only</u>:

> Commercial General Liability Form (GL00010899)
> Section 1 - Coverages
> Coverage A - Bodily Injury and Property Damage Liability,
> Paragraph 1, Insuring Agreement
> Section B(2) is deleted in its entirety and replaced with the following:

> > (2)    The "Bodily Injury" or "Property Damage" occurs within 60 months from the first escrow closing date of only those residential homes/dwellings that first close escrow with the Named Insured during the term of the policy from which this endorsement is a part.

\* \* \*

Policy Number 06GLP1007502 contains the following additional provisions:

24

## SELF-INSURED RETENTION ENDORSEMENT

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART**

\*\*\*

It is understood and agreed that such insurance as provided by this policy, specifically the Insuring Agreement and Supplementary Payments Provisions are modified and subject to the following provisions:

1.  The total limit of liability of the Company as stated in the policy declarations shall apply excess of the retained limit (herein called the Self-Insured Retention) as stated in the endorsement and the Named Insured agrees to assume this retained limit:

\*\*\*

2.  The Company's obligation under this policy applies only to the amount in excess of the Self-Insured Retention. Your bankruptcy, insolvency, or inability to pay the Self-Insured Retention shall not increase our obligation under the policy.

    The Insured shall have the obligation to provide, at his own expense, proper defense and investigation of any claim and to accept any reasonable offer of settlement within the Self-Insured Retention. ... [T]he Insured must make actual payment for the full Self-Insured retention amount before the limits of insurance under this policy apply. **Compliance with this clause is a condition precedent for coverage under this policy. In the event of the failure of the Insured to comply with this clause, no loss, cost or expense shall be payable by the Company.**

\* \* \*

## LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Premises:**   Development of 152 Condominiums and Townhomes at 8140 Shore Drive, Norfolk, VA 23518

**Project:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury," "property damage," "personal injury,"

25

advertising injury" and medical expenses arising out of :

1.     The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.     The project shown in the Schedule.

* * *

## GENERAL CHANGE ENDORSEMENT

| | |
|---|---|
| Named Insured: | Harbor Walk Development, LLC |
| Policy No: | 06GLP1007502 |
| Endorsement Effective Date: | 2/10/2006 |
| Endorsement No: | 1 |
| Company: | Evanston Insurance Company |

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

### EXTENDED PRODUCTS-COMPLETED OPERATIONS HAZARD FROM CLOSE OF ESCROW

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

It is hereby understood and agreed as respects to the <u>products-completed operations hazard only</u>:

Commercial General Liability Form (GL00010899)
Section 1 - Coverages
Coverage A - Bodily Injury and Property Damage Liability,
Paragraph 1, Insuring Agreement
Section B(2) is deleted in its entirety and replaced with the following:

(2)     The "Bodily Injury" or "Property Damage" occurs within 60 months from the first escrow closing date of only those residential homes/dwellings that first close escrow with the Named Insured during the term of the policy from which this endorsement is a part.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

* * *

## GENERAL CHANGE ENDORSEMENT

| | |
|---|---|
| Named Insured: | Harbor Walk Development, LLC |
| Policy No: | 06GLP1007502 |
| Endorsement Effective Date: | 2/10/2006 |
| Endorsement No: | 2 |
| Company: | Evanston Insurance Company |

It is hereby understood and agreed that there is no coverage for the following locations

listed under this policy:

4161, 4171, 4181, 4191, 4153 Pretty Walk Lane, Norfolk, VA 23513
4252 Harbor Walk Avenue, Norfolk, VA 23513

8303, 8305, 8311, 8321, 8331, 8333, 8352, 8354, 8310, 8320, 8322, 8330, 8332 North View Blvd., Norfolk, VA 23513

4121, 4123, 4131, 4133, 4135, 4141, 4143, 4145, 4145, 4151, 4155 Pretty Walk Lane, Norfolk, VA 23513

4240, 4241, 4250, 4260, 4261 - Harbor Walk Avenue, Norfolk, VA 23513
8300, 8301, 8302, 8304, 8312, 8313, 8314, 8323, 8334, 8342, 8344 - North View Blvd., Norfolk, VA 23513.

\* \* \*

## GENERAL CHANGE ENDORSEMENT

Named Insured:                                   Harbor Walk Development, LLC
Policy No:                                        06GLP1007502
Endorsement Effective Date:                       10/7/2007
Endorsement No:                                   4
Company:                                          Evanston Insurance Company

It is hereby understood and agreed that Endorsement #2 has been amended to read as follows:

There is no coverage for the following locations listed under this policy:

4161, 4171, 4181, 4191, 4153 Pretty Walk Lane, Norfolk, VA 23513
4252 Harbor Walk Avenue, Norfolk, VA 23513

8300, 8301, 8303, 8310, 8311, 8313, 8314, 8321, 8323, 8331, 8333, 8340, 8342, 8344, 8352, 8354 North View Blvd., Norfolk, VA 23513

4121, 4123, 4131, 4133, 4135, 4141, 4143, 4145, 4151, 4155, Pretty Walk Lane, Norfolk, VA 23513

4241, 4261, 4151, 4161 Harbor Walk Ave., Norfolk, VA 23513

8140, 8141, 8151, 8160 North View Blvd., Norfolk, VA 23513

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

\* \* \*

## GENERAL CHANGE ENDORSEMENT

Named Insured:                                   Harbor Walk Development, LLC
Policy No:                                        06GLP1007502
Endorsement Effective Date:                       10/7/2007
Endorsement No:                                   5

27

**Company:**                                    Evanston Insurance Company

It is hereby understood and agreed that regarding the above policy #, coverage exists only for the locations shown below:

8302, 8304, 8312 North View Blvd., Norfolk, VA 23513

4240, 4250, 4260 Harbor Walk Avenue, Norfolk, VA 23513

8150, 8170, 8171 North View Blvd., Norfolk, VA 23513

4141, 4131, 4145, 4131, 4133, 4153, 4153, 4155, 4163, 4165 Harbor Walk Ave., Norfolk, VA 23513

8310, 8320, 8322, 8330, 8332, 8302, 8300, 8302, 8304, 8312, 8334 Harbor View Lane, Norfolk, VA 23513.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

\*   \*   \*

## Declaratory Judgment

45.     EVANSTON re-alleges paragraphs 1 through 33 above as if fully set forth herein.

46.     The various sulfide gasses and/or other toxic chemicals allegedly emitted or off-gassed from the drywall fall within the policy's definition of pollutants, which includes any solid, liquid, gaseous or thermal irritant or contaminant.

47.     The claims asserted in the underlying suits fall within the scope of Exclusion (f), which precludes coverage for any "bodily injury" or "property damage" caused in whole or in part by the "discharge, dispersal, seepage, migration, release or escape of pollutants."

48.     Exclusion (f) also excludes any loss, cost or expense arising out of the removal and replacement of the allegedly defective drywall.

49.     The claims asserted in the underlying suits fall within the scope of Exclusion (n), which precludes coverage for damages, including, but not limited to, the loss of use of real or personal property as a result of the defective drywall.

28

50.     The claims asserted in the underlying suits fall within the scope of Exclusion (m), which precludes coverage for any damages for any loss, cost or expense incurred for the loss of use of "your work" if it is withdrawn from the market or from use by any person so that the policy excludes damages for the removal and replacement of the defective drywall.

51.     The Policies' General Change Endorsements and Limitation of Coverage to Designated Premises or Projects Endorsements limit the coverage provided by the Policies to only those premises or projects listed in the endorsements. Some or all of the claims asserted in the underlying suits are not included within the coverage provided by the Designated Premises or Projects Endorsements.

52.     There exists a bona fide, actual, present and practical need for a legal determination by this Court of the duties, rights and obligations, if any, of EVANSTON with regard to injuries and damages arising out of the defective drywall.

53.     EVANSTON and all of the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

54.     The rights and obligations of EVANSTON under the above-referenced insurance contracts are dependent upon the facts referenced herein and the law applicable to such facts.

55.     All conditions precedent to the maintenance of this action have been complied with, have occurred, or otherwise have been waived.

56.     All parties who do or may claim an interest in the subject matter hereof have been joined herein as parties.

57.     The insurance contracts do not provide coverage for any bodily injuries,

29

property damage or other damages arising out of the alleged release, emissions, or "off-gassing" from the defective drywall.

58.    Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, EVANSTON is entitled to a declaration that the Policies provide no coverage for any claims with respect to the allegedly defective drywall.

WHEREFORE, EVANSTON requests entry of final judgment in its favor as against Defendants, declaring that the Policies provide no coverage for "bodily injury," "property damage," or other damages arising out of the alleged release, emission, or "off-gasing" from the defective drywall and that EVANSTON has no duty to defend or indemnify for the losses complained and that EVANSTON is entitled to reimbursement of any attorney's fees and costs incurred in defending HARBOR WALK against the Class Action Suit, the First Individual Suit, and the Second Individual Suit.

EVANSTON INSURANCE COMPANY

BY _____
Of Counsel

Richard A. Saunders, Esquire
Virginia State Bar No. 16692
Attorney for Evanston Insurance Company
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541-0525
Telephone No.  (757) 461-7100
Facsimile No.   (757) 461-0083

R. Steven Rawls, Equire
Florida Bar No. 0938254
Rebecca Applebaum, Esquire
Florida Bar No. 179043
Robert J. Witmeyer, Esquire
Florida Bar No. 0044033
Attorneys for Evanston Insurance Company
Butler Pappas Weihmuller Katz Craig LLP
One Harbour Place, Suite 500
777 S. Harbour Island Boulevard
Tampa, FL 33602
Telephone No. (813) 281-1900
Facsimile No. (813) 281-0900