

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

EVANSTON INSURANCE COMPANY,

Plaintiff,

v.

CIVIL ACTION NO. 2:10cv312

HARBOR WALK DEVELOPMENT, LLC.;
THE PORTER-BLAINE CORP.;
GENESIS GROUP, INC.;
WERMERS DEVELOPMENT, INC.;
CLARK-WHITEHILL ENTERPRISES, INC.;
VENTURE SUPPLY, INC.; TOBIN TRADING,
INC.; TRADERSCOVE CORP d/b/a/
THE HENIN GROUP; PREMIER
INTERNATIONAL REALTY, INC., d/b/a HENIN
REALTY; INTERNATIONAL PROPERTY
INVESTMENTS OF CENTRAL FLORIDA,
INC., d/b/a/ HENIN INTERNATIONAL
SERVICES; HIGGERSON-BUCHANAN, INC.;
M&M CONTRACTING; P&P SKILLED
CONTRACTORS; WORK COMPANY,
DRYWALL & PLASTER; JEROME HENIN,
individually; DAVID DANIELS, individually;
and MICHELLE GERMANO; DENIS
JACKSON; SHARON JACKSON;
JASON DUNAWAY; LISA DUNAWAY;
individually and on behalf of all others
similarly situated,

Defendants.

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on a Motion for Default Judgment ("Motion"), filed by

Plaintiff, Evanston Insurance Company ("Evanston"). Defendant, P&P Skilled Contractors has

1

not filed any documents in opposition to Plaintiff's Motion or Complaint. For the reasons stated herein, Plaintiff's Motion for Default Judgment is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 29, 2010, Plaintiff commenced this declaratory judgment action, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. Defendant, P&P Skilled Contractors was served with a summons and Complaint on July 6, 2010. Defendant's answer was due on July 27, 2010; however, to date, Defendant has not submitted a responsive pleading, nor has any appearance been entered on its behalf. On August 17, 2010, the Clerk of the Court entered a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff filed a Motion for Default Judgment on August 13, 2010, requesting that a default judgment be entered against P&P Skilled Contractors, and that it be bound by the Court's ultimate determination of the issues presented in this matter. On October 21, 2010, the Court held a hearing to address Plaintiff's pending Motion for Default Judgment against P&P Skilled Contractors.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for the entry of default when a party has "failed to plead or otherwise defend" his case. Fed. R. Civ. P. 55(a). A party requesting a default judgment must make a showing of the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). The Court may conduct a hearing, if necessary, to take an accounting, determine the amount of

damages, establish the truth of any averment by evidence, or make an investigation of additional matters. Fed. R. Civ. P. 55(b)(2).

Default judgments are to be sparingly granted, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). Entry of default judgment is committed to the sound discretion of the Court and shall be reviewed only for abuse of discretion. *Lolatchy*, 816 F.2d at 953-54.

## III. DISCUSSION

Plaintiff argues that a default judgment is warranted because of Defendant's complete failure to defend the case. Rule 12(a) requires that a defendant serve an answer within twenty-one (21) days of being served with the summons and complaint. Generally, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). A litigant's *pro se* status does not vitiate his obligation to comply with the Federal Rules of Civil Procedure. Defendants here have failed to appear and have not complied with the Rules; thus, a default judgment is appropriate under such circumstances. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding default judgment proper where defendant did not appear at show cause hearing and did not respond to certified notices sent by court); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding default judgment when defendant lost summons and complaint and did not answer within the prescribed period).

Defendant has completely failed to defend the case, including the Motion for Default Judgment. Defendant was served with a writ of summons, complaint, and supporting documents

3

on July 6, 2010. Defendant did not file an extension of time in which to answer the Complaint, or any other motion, with the Court. An Entry of Default was made against Defendant on August 17, 2010. Defendant is not an infant, an incompetent person or in the military service. Therefore, under the general rule laid out above, default judgment is appropriate.

Plaintiff requests that a default judgment be entered against P&P Skilled Contractors and that it be bound by the Court's ultimate determination of the issues presented in this matter. The Court finds this relief to be appropriate given Defendant's lack of responsiveness.

## IV. CONCLUSION

The Plaintiff's Motion for Default Judgment is **GRANTED**. Defendant, P&P Skilled Contractors, will be bound by the Court's ultimate determination of the issues presented in this matter.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 22, 2010

4